**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Reed, | No. CV-19-08115-PCT-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Camille D. Bibles's Report and Recommendation ("R&R") (Doc. 19), recommending that the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) and the Supplemental Petition for Writ of Habeas Corpus (the "Amended Petition") (Doc. 16), be denied and dismissed with prejudice. The Court has reviewed the Petition (Doc. 1), the Amended Petition (Doc. 16), Respondents' Response to the Petition (Doc. 18), the R&R (Doc. 19), the arguments raised in Petitioner's Objection to the R&R (Doc. 21), and Respondents' Response to Petitioner's Objection (Doc. 22). For the reasons expressed below, the Court overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

An Arizona Superior Court jury convicted Petitioner on multiple counts of sexual conduct with a minor, resulting in a sentence of 80.5 years' imprisonment. (Doc. 19 at 1–2.) Petitioner appealed his conviction to the Arizona Court of Appeals, arguing that the trial court erred in several respects. *State v. Reed*, No. 1 CA-CR 11-0422, 2012 WL

2466978, at *1–3 (Ariz. Ct. App. June 19, 2012). The Arizona Court of Appeals reviewed each of Petitioner's arguments, found no reversible errors, and affirmed his convictions and sentences. *Id.* at *3–7. Petitioner then appealed to the Arizona Supreme Court, but the court denied review. (Doc. 1 at 3; Doc. 18-1 at 169.) On April 4, 2013, the Arizona Court of Appeals filed its mandate. (Doc. 18-1 at 169.)

In March 2013, Petitioner filed a notice of post-conviction relief. (*Id.* at 171–74.) Petitioner filed his first state action, through appointed counsel, for post-conviction relief in June 2014. (*Id.* at 176–86.) The state trial court set an evidentiary hearing on an ineffective-assistance-of-counsel claim and granted Petitioner relief on a jurisdictional argument to dismiss Count 11. (*Id.* at 201, 211–13; Doc. 19 at 7–8.) After the evidentiary hearing and supplemental briefing, the state trial court held that Petitioner had not been denied the effective assistance of counsel and dismissed the Rule 32 action. (Doc. 18-1 at 270–85.) Petitioner, through counsel, filed a motion for rehearing, but the state trial court denied this motion. (*Id.* at 287–93, 295.) The Arizona Court of Appeals granted review but denied relief. *State v. Reed*, No. 1 CA-CR 17-0778 PRPC, 2018 WL 2979066, at *1 (Ariz. Ct. App. June 14, 2018). Petitioner did not seek review from the Arizona Supreme Court. (Doc. 18-1 at 315.) Petitioner continued to file pleadings in state court, including a "motion to dismiss," "Motion to Suppress the Content of Oral Communication Intercepted Nunc Pro Tunc," and a pro per "petition to amend." (Doc. 1 at 29; Doc. 18-1 at 319, 321–58.) The state trial court dismissed his "motion to dismiss" as untimely and denied relief on his other motion and petition to amend. (Doc. 18-1 317, 371.) Petitioner did not appeal. (Doc. 19 at 9.) Petitioner filed the present Petition and Amended Petition thereafter. (Doc. 1; Doc. 16.)

## II.  LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews *de novo* those

portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a magistrate judge's R&R "requires '*specific written objections* to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (citations omitted). Therefore, a general objection "has the same effect as would a failure to object." *Warling*, 2013 WL 5276367 at *2 (citations omitted).

## III.  DISCUSSION

The R&R recommends that the Petition and Amended Petition be denied. (Doc. 19.) The R&R concludes that all but one of Petitioner's claims were procedurally defaulted because he failed "to raise the factual and legal predicate for these claims in the Arizona Court of Appeals in a procedurally correct manner." (*Id.* at 12–13.) Petitioner also fails, the R&R states, "to establish a fundamental miscarriage of justice will occur absent consideration of the merits of his defaulted claims." (*Id.* at 13.) As for the exhausted claim, the R&R concludes that because Petitioner "is unable to establish prejudice arising from his counsel's alleged error in failing to file a pre-trial 'rape shield' motion, the state court's denial of relief on this claim was not an unreasonable application" of the law. (*Id.* at 13–18.)

Petitioner filed an "objection" but presents no specific objections to Magistrate Judge Bibles's findings and conclusions in the R&R. (Doc. 21.) Petitioner appears to object generally and contend that he has pending post-conviction-relief pleadings in state superior court, and that the state superior court impaired his ability to toll the

Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations.* (*Id.* at 1–5.) The R&R, however, did not conclude that Petitioner's Petition or Amended Petition was untimely. (Doc. 19.) Any issue relating to AEDPA's statutorily tolling is therefore not relevant to the R&R's findings and conclusions. (*Id.*) The only other "objections" Petitioner makes are to ask this Court to provide "the status of all motions and pleadings in the Superior Court," to request "that all parties receive copies of the case index," and to ask this Court "to publish this request" as an order. (Doc. 21 at 5–7.) The Court finds that Petitioner has put forth no specific objections to the R&R.

As mentioned above, under Rule 72, objections must be "specific . . . to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "An obvious purpose for this requirement is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'" *Quinn v. Hacker-Agnew*, No. CV-19-08152-PCT-DGC (CDB), 2020 WL 6680401, at *2 (D. Ariz. Nov. 9, 2020) (citations omitted). Petitioner merely provides a general objection to the R&R's findings and conclusions. (Doc. 21.) Because Petitioner presents no specific objections to Magistrate Judge Bibles's R&R, the Court treats this general objection the same way it would treat a failure to object; the Court is under no obligation to conduct a *de novo* analysis. *See Quinn*, 2020 WL 6680401, at *2. Although it has no obligation to do so, the Court nonetheless has considered the general objections and reviewed the R&R. The Court agrees with Magistrate Judge Bibles's R&R and accepts the recommended decision. (Doc. 19.)

---

* Petitioner asserts that certain pending state-court pleadings required him to file a "bare-bones" Petition to meet AEDPA's "one-year time limit." (Doc. 21 at 4–5.) He asserts these state-court pleadings include a "Motion to Dismiss," "Motion to Supplement," "Motion for Clarification," and a "Second Motion for Clarification." (*Id.* at 2–3.) Even though these arguments do not respond to the R&R, the Arizona Court of Appeal has either denied relief for these "motions" or held that "no such motions or rulings appear in the record in this case." *State v. Reed*, No. 2 CA-CR 2020-0160-PR, 2020 WL 5757483, at *1–2 (Ariz. Ct. App. Sept. 28, 2020). These "motions" therefore have no relevance to the R&R's findings and conclusions.

Lastly, a certificate of appealability should issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Here, Petitioner did not object to the R&R's finding that he should be denied a certificate of appealability. Upon its own review of the record considering the standards for granting a certificate of appealability, the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation. (Doc. 19.)

**IT IS FURTHER ORDERED denying** the Petition (Doc. 1) and Amended Petition (Doc. 16), and **dismissing** them with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 23rd day of February, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge